TIMOTHY COURCHAINE
United States Attorney
District of Arizona
ALEX BEEMAN
Assistant United States Attorney
Indiana State Bar No. 31222-49
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: alex.beeman@usdoj.gov
*Attorneys for Defendant Duffy Campbell*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Lamall Monroe,<br><br>Plaintiff,<br>v.<br><br>United States of America, et al.,<br><br>Defendants. | CV 22-00299-TUC-JGZ<br><br>**MOTION TO STAY PROCEEDINGS** |

Defendant Duffy Campbell ("Lt. Campbell"), by and through undersigned counsel, hereby moves to stay proceedings pending the Supreme Court's ruling in *Nielsen v. Watanabe*.

This motion is supported by the following memorandum of points and authorities and all matters of record.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. <u>Introduction and Background</u>

The Court screened Plaintiff's First Amended Complaint and ordered that Lt. Campbell answer the Eighth Amendment medical care claim as set forth in Count Three. (Dkt. 40; Dkt. 56). *Citing Carlson v. Green*, 446 U.S. 14 (1980) and *Stanard v. Dy*, 88 F.4th 811 (9th Cir. 2023), this Court accepted for purposes of screening that an Eighth Amendment medical care claim does not extend *Bivens* in a new context. Dkt. 40 at 9. This Court determined that Plaintiff stated a medical care claim against Lt. Campbell in

his individual capacity based on the allegation that Lt. Campbell instructed Nurse Stone to not "help [Plaintiff] one bit". Dkt. 40 at 9-10.

In *Carlson*, the Supreme Court authorized a cause of action for alleged Eighth Amendment violations against federal prison officials who failed to provide competent medical care to a prisoner suffering from an asthma attack that resulted in his death. 446 U.S. at 16 n.1. *Carlson* was an extension of the Court's earlier ruling in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which held for the first time that a litigant could bring a constitutional claim for damages "even though no federal statute authorized such a claim." *Hernández v. Mesa*, 589 U.S. 93, 99 (2020).

In the years since *Bivens* and *Carlson* were decided, the Supreme Court has consistently limited their reach. Creating an implied cause of action for damages under the Constitution is now "a disfavored judicial activity." *Egbert* v. *Boule*, 596 U.S. 482, 491 (2022) (citation omitted). Most recently, the Supreme Court granted certiorari in *Nielsen v. Watanabe*, a case that could clarify the scope and continued viability of *Carlson*.

As more fully explained below, the Supreme Court's decision in *Nielsen v. Watanabe* may resolve or significantly limit the issues in this case. Therefore, Lt. Campbell requests a stay of proceedings pending the Supreme Court's decision in *Nielsen v. Watanabe*.

## II. <u>Legal Standard</u>

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Courts consider a variety of factors in determining whether a stay of proceedings is appropriate. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). These include the burdens on the parties and whether a stay will promote the economical use of judicial time and resources. *Id.* Relevant here, a stay of proceedings may be justified where a related matter pending in another jurisdiction is likely to impact the case's resolution. *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). "Stays of proceedings" under these circumstances can "promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions." *Lopez v. Miami-Dade Cnty.*, 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015). For the same reasons, courts have also held that a stay is merited where a "case on appeal to the Supreme Court may have a dispositive effect." *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004); *accord Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 495 (S.D. Tex. 2015).

## III. <u>Argument</u>

Lt. Campbell requests that the Court stay proceedings pending the Supreme Court's decision in *Nielsen v. Watanabe*.

### A. *Nielsen v. Watanabe*

In *Nielsen v. Watanabe*, Mr. Watanabe was in federal custody at the Federal Detention Center in Honolulu when he was assaulted in 2021. *See Watanabe v. Derr*, 115 F.4th 1034 (9th Cir. 2024), *cert. granted sub nom.* After the attack, Mr. Watanabe repeatedly reported extreme pain and requested medical treatment. He alleges that prison medical staff denied those requests and instead provided him with over-the-counter painkillers. Several months later, an X-ray revealed that he had suffered a fractured coccyx and bone chips in surrounding soft tissue. In 2024, Mr. Watanabe sued prison nurse Francis Nielsen and other federal officials, alleging that prison staff failed to provide adequate medical care following the assault, in violation of the Eighth Amendment. *Id.*

The District Court determined that "Watanabe cannot pursue his claim against Nielsen under *Bivens*" because "no such *Bivens* remedy exists" for Mr. Watanabe's Eighth Amendment claim. Mr. Watanabe timely appealed. *Id.* at 1037. After analyzing *Carlson*,

a divided panel of the Ninth Circuit reversed, concluding that Mr. Watanabe's claim did not present a new context for a *Bivens* claim and thus fell within scope of *Bivens* remedy. *Id.* at 1043-1043. A Ninth Circuit judge requested an *en banc* rehearing vote but failed to receive a majority of votes for *en banc* rehearing. *See Watanabe v. Derr*, 139 F.4th 1056 (9th Cir. 2025) (order denying rehearing). Judge Ryan Nelson, joined by nine others, said the Ninth Circuit had disregarded the Supreme Court's *Bivens* instructions and had deepened circuit splits over whether alternative remedies and differences in the severity and immediacy of medical harm can make a context "new." *Id.* at 1064. Certiorari was then sought and, on June 22, 2026, the Supreme Court granted certiorari. *See Nielsen v. Watanabe*, No. 25-417, 2026 WL 1780123 (U.S. June 22, 2026); Exhibit A – Supreme Court Docket in *Nielsen v. Watanabe.*

**B. This Court should stay the case pending determination of *Nielsen v. Watanabe* by the Supreme Court.**

A stay in such circumstances is warranted because it would promote judicial economy and conserve resources without imposing any undue hardship on the Plaintiff.

This case presents the same issue as *Nielsen v. Watanabe*: whether a *Bivens* claims for damages should be implied based on alleged inadequate medical care in a federal prison setting like *Carlson*. *See* Exhibit B – Petition for Writ of Certiorari in *Nielsen v. Watanabe*, pp. (i), 2-5. There are deep circuit splits on whether and when plaintiffs may invoke the implied cause of action first recognized in *Bivens*. *Id.* *Nielsen v. Watanabe* is the latest brick in this building circuit split. *Id.* at 2, 5 (discussing circuit splits). As one commentator noted:

> "The [Supreme Court] has been dancing around *Carlson*'s viability for years, most recently reaffirming it exists in *Goldey v. Fields*[, 606 U.S. 942 (2025),] last term, while simultaneously making it harder and harder to use. Judge Collins of the 9th Circuit, dissenting from the denial of rehearing en banc in *Nielsen*, put it most directly: the court's current standards, "if faithfully applied, would seemingly finish off *Carlson* entirely," and lower courts could use some

guidance as to "what, if anything, is left of *Carlson*."

John Elwood, *Bivens at the bedside*, SCOTUSblog (Jun. 17, 2026, 10:00 AM), https://www.scotusblog.com/2026/06/bivens-at-the-bedside-/ (last visited July 28, 2026) (*citing and quoting Watanabe v. Derr*, 139 F.4th at 1073, 1077).

The Supreme Court's decision in *Nielsen v. Watanabe* is likely to have a substantial or controlling effect on the claims in this case in considering what remains of *Carlson*. Because the *Nielsen v. Watanabe* decision "may have a dispositive effect" on the viability of Plaintiff's claims, a stay of proceedings is justified. *Michael*, 325 F. Supp. 2d at 831. At minimum, a decision will provide important guidance on the governing legal framework for Plaintiff's *Bivens* claim. Because the Supreme Court's decision in *Nielsen v. Watanabe* could clarify or alter the standard for permitting claims under *Carlson*, the parties may need to brief this issue anew under the Court's revised guidance should any such claims remain viable. Staying proceedings until the legal standard has been clarified will thus result in a more efficient use of the parties' — and the Court's — limited time and resources. Continuing with proceedings could result in needlessly duplicative litigation, whereas awaiting a decision in *Nielsen v. Watanabe* could simplify the issues, proof, and questions of law that need to be resolved in this case. Any potential delay that will occur from a stay is outweighed by the efficiencies which may be achieved by awaiting the Supreme Court's decision in *Nielsen v. Watanabe*.

## IV. <u>Conclusion</u>

For the foregoing reasons, Lt. Campbell respectfully requests that the Court stay proceedings pending the Supreme Court's ruling in *Nielsen v. Watanabe*.[1]

---

[1] Lt. Campbell is seeking to stay the entire case pending the ruling in *Nielsen v. Watanabe*. Allowing discovery only as to the FTCA claim would be impractical and inefficient. Depositions taken for the FTCA claim will inevitably involve the same officers (including Lt. Campbell) and subjecting the Lt. Campbell to discovery under the guise of FTCA for Bivens claims would lead to an unnecessary work.

Respectfully submitted this 3rd day of August, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/Alex Beeman*
ALEX BEEMAN
Assistant U.S. Attorney
*Attorneys for Defendant Duffy Campbell*